IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TERRANCE TYRELL EDWARDS,<br><br>Defendant. | CR 16-103-BLG-SPW-1<br><br>ORDER |

Before the Court is Defendant Terrance Tyrell Edwards' Motions in Limine. (Doc. 163). For the reasons set forth below, the Court DENIES Edwards' motions.

## I. Legal Standard

A motion in limine "is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). District courts have broad discretion to make evidentiary rulings conducive to the conduct of a fair and orderly trial. *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996). This wide discretion includes determinations of relevancy and weighing the probative value of proffered evidence. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). "To exclude evidence on a motion in limine the evidence must be inadmissible on all potential grounds." *BNSF Ry. Co. v. Quad City Testing Lab., Inc.*, 2010 WL 4337827, at *1 (D. Mont.

1

2010) (citation omitted). Finally, rulings on motions in limine are provisional and "not binding on the trial judge [who] may always change [her] mind during the course of a trial." *Id.* (citation omitted).

## II. Motion in Limine #1

Edwards first asks the Court to caution the government and its witnesses against referring to certain witnesses as "victims." Edwards asserts that the word "victim" is "loaded, conclusory, and sympathy-evoking," and that it is improper vouching. (Doc. 164 at 5, 7). The government asserts that it will not refer to non-victim witnesses as victims, but that referring to victim witnesses as victims does not violate the law, is not vouching, and comports with the definition of a person directly or proximately harmed under Federal law. (Doc. 169 at 3-7).

The Court agrees with the government. In *People of Territory v. Guam*, 14 F.3d 1344, 1347-48, the Ninth Circuit rejected this very same argument. There, the appellant argued that using the term "child-victim" rather than "child-witness" improperly prejudiced his defense. The Ninth Circuit found that a simple explanation from the court that the victim was the person the defendant *allegedly* subjected to the crime was an adequate safeguard against any potential prejudice that might flow from the word "victim." *Id.* at 1348 (emphasis in original). In other words, the use of the term "victim" is not prejudicial to the defendant's rights when the presentation of evidence taken as a whole clarifies the government's

burden of proving all of the elements of the crime. *See United States v. Washburn*, 444 F.3d 1007, 1013 (8th Cir. 2006) (collecting cases).

Also persuasive to this Court is that the term "victim" has a legal definition that describes the individual's status in the case. *See* 18 U.S.C. § 3771(e). Standing alone, the term does not comment on Edwards' guilt or the burden of proof. Further, using a legal term does not equate to improper vouching. The jury will not be unduly prejudiced against Edwards if the government refers to certain witnesses as victims.

## II. Motion in Limine #2

Edwards next argues that the Court should conduct a *Daubert* hearing to assess FBI SA James Hardie's qualifications for his expert opinion. (Doc. 164 at 8). The government proposes to offer the expert testimony of Agent Hardie under Federal Rule of Evidence ("FRE") 702. (*See* Doc. 77). Agent Hardie would offer testimony about the pimp-prostitute relationship and subculture. (*Id.* at 3). Agent Hardie has interviewed numerous individuals involved in prostitution, including adult prostitutes and pimps. (*Id.* at 2) He has attended and taught several courses on sex trafficking, has previous experience as an expert; regularly attends training on the investigation of child prostitution; and has previously specialized in matters related to sex-trafficking of juveniles. (*Id.*).

FRE 702 governs the introduction of expert opinion testimony. Plainly stated, "[t]estimony is admissible under [FRE] 702, if the subject matter at issue is beyond the common knowledge of the average layman, the witness has sufficient expertise, and the state of the pertinent art or scientific knowledge permits the assertion of a reasonable opinion. *United States v. Winters*, 729 F.2d 602, 605 (9th Cir. 1984).

Under FRE 702, the district judge must perform a gatekeeping function to ensure that the evidence is "not only relevant, but reliable." *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993). The test of reliability is a "flexible" one, and *Daubert's* list of specific factors neither necessarily nor solely applies to all experts or in every case. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). As a result, FRE 702 leaves a trial judge "considerable leeway in deciding . . . how to go about determining whether particular expert testimony is reliable," *id.* at 152, and whether a *Daubert* hearing is even required. *See United States v. Alatorre*, 222 F.3d 1098, 1100-02 (9th Cir. 2000) (trial courts are not compelled to conduct pretrial hearings in order to discharge the gatekeeping function under *Daubert* as to expert testimony).

Here, the Court does not find that a pre-trial evidentiary hearing is necessary. The proposed expert testimony in this case regarding pimp culture and the pimp-prostitute relationship does not involve a new scientific theory or novel

4

idea but it does require expert testimony. "By and large, the relationship between prostitutes and pimps is not the subject of common knowledge." *See United States v. Brooks*, 610 F.3d 1186, 1195–96 (9th Cir. 2010) (internal quotations omitted).

The testimony is also relevant. *See id.* (finding expert testimony from qualified detectives on the pimp-prostitute subculture relevant to child sex trafficking charges and assists the jury); *see also United States v. Taylor*, 239 F.3d 994, 998 (9th Cir. 2001) (testimony reflected specialized knowledge that assisted jury in evaluating credibility of government's principal witnesses).

This Court also finds that Hardie's testimony is reliable. The expert's qualifications in *Brooks* are virtually indistinguishable from those of Agent Hardie, except for the fact that Hardie has prior experience as an expert witness, which the detective in *Brooks* did not. *See id.*; (*see also* Doc. 77). The Ninth Circuit found that the *Brooks* testimony was both reliable and relevant under the standards put forth in *Daubert* and *Kumho*. *Id.* Agent Hardie's testimony is similarly relevant and reliable.

The Court will admit Agent Hardie's expert witness testimony.

### III. Motion in Limine # 3 & 4

Edwards moves in limine to preclude the government's evidence of his prior state-court convictions for Promoting Prostitution and the time he served for those convictions. He also seeks to preclude testimony from B.C., T.F., H.C., J.M. and

S.M. about his prior bad acts. (Doc. 164 at 14-17). Edwards argues that the testimony is simply to prove propensity and any probative value is outweighed by unfair prejudice.

The government responds that it intends to introduce the underlying facts alleged in Edwards' second charge of promoting prostitution in Missoula County and the underlying allegation regarding promoting prostitution in his February 2012 Petition to Revoke only if Edwards opens the door to these issues or creates an impeachment issue. (Doc. 169 at 18, fn. 3). With respect to the other prior charges and bad acts, the government argues that the Rule 404(b) evidence is highly probative of Edwards' intent, which is a crucial issue. The Court agrees.

"Evidence of prior crimes and bad acts can be admitted under Fed. R. Evid. 404(b) if it is to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake and not to show bad character." *United States v. Houser*, 929 F.2d 1369, 1373 (9th Cir. 1990) *abrogation on other grounds recognized by United States v. Serrano*, 313 F. App'x 10 (9th Cir. 2008) (citing *Buford v. United States*, 532 U.S. 59, 64-66 (2001)). The Ninth Circuit has held repeatedly that Rule 404(b) is a "rule of inclusion." *United States v. Ayers*, 924 F.2d 1468, 1472-73 (9th Cir. 1992). Evidence of other crimes or bad acts is admissible whenever relevant to an issue other that the defendant's criminal propensity, such as intent or knowledge, and the potential for unfair prejudice is

outweighed by the probative value of the evidence. *Id.* at 1473. Such evidence should be admitted "unless its prejudicial impact substantially outweighs its probative value" pursuant to Rule 403. *United States v. Johnson*, 132 F.3d 1279, 1282 (9th Cir. 1997).

Evidence is admissible under 404(b) if (1) the evidence tends to prove the material point; (2) the prior acts are not too remote in time; (3) the evidence is sufficient to support a finding that the Defendant committed the other act; and (4) (in cases where knowledge and intent are an issue) the act is similar to the offense charged. *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994).

### A. The evidence proves a material element of the offense for which Edwards is charged.

Edwards' prior convictions do go to prove a material element - that Edwards intended Jane Doe 3, 4, and 5 to engage in acts of prostitution. With respect to Counts III through V, the government must prove Edwards' specific intent. On Count III, the government must prove that Edwards knowingly transported Jane Doe 3 with the intent that she engage in prostitution. The government must prove the same specific intent relating to Jane Doe 4 and 5 on Counts IV and V. Edwards' prior bad acts are not too remote, they assist in proving that he used force, fraud, or coercion to cause victims to engage in commercial sex acts, and that his end goal in transporting the victims was to have them engage in prostitution. Testimony regarding Edwards' prior bad acts is probative of

7

knowledge, intent and absence of mistake. *See United States v. Vo*, 413 F.3d 1010, 1017-18 (9th Cir. 2005) (defendant's prior conviction for selling cocaine properly admitted in defendant's narcotic distribution case is probative of knowledge and absence of mistake or accident; prior conviction tended to show the defendant was familiar with distribution of illegal drugs and that his actions in the case were not an accident or mistake.).

Additionally, on Count IV, the government has to prove that Edwards knowingly obstructed this case when he instructed a witness to lie to agents about his acts of trafficking. *Id.* Evidence of crimes is admissible to prove the essential elements of the crime. The Court finds the Rule 404(b) evidence is highly probative of both Edwards' intent and knowledge in this case. Evidence of prior pimping and attempted pimping, as well as evidence that he previously prostituted, or attempted to prostitute, a victim in a similar way, is admissible Rule 404(b) evidence to show his knowledge that he was transporting victims for prostitution and that he knowingly tried to get a victim to lie about his actions. *See United States v. Winters,* 729 F.2d 602, 604 (9th Cir. 1984) (finding the trial court properly admitted testimony showing that before committing the offense as alleged in the indictment, the defendant has similarly beaten, raped, and forced three young women into prostitution). Finally, any evidence related to Edwards' perception of himself as a pimp is evidence of motive, opportunity, intent, preparation, plan,

knowledge, identity, and lack of accident under FRE 404(b)(2), which allows for the use of bad act evidence for those purposes.

**B.     Is the prior conduct too remote in time?**

No. Edwards' prior conviction occurred in 2011. (Doc. 125 at 5). His additional communications with B.C., T.F., H.C., J.M. and S.M. occurred from 2010 to 2016. *United States v. Ross*, 886 F.2d (9th Cir. 1989) and *United States v. Johnson*, 132 F.3d 1279 (9thCir. 1997) dispense with any challenge to this issue.

**C.     Is proof of the prior conduct based upon sufficient evidence?**

Edwards prior bad acts included promoting prostitution and subsequent similar conduct (*see* Doc. 163 at 3), which is virtually identical conduct as charged here. Similarly, testimony from B.C., T.F., H.C., J.M. and S.M. will describe events regarding Edwards' attempts to engage them in prostitution around the time of his previous conviction to the date of indictment.

**D.     Is the prior conduct similar to the charged conduct?**

Each of the noted convictions involved Edwards' recruitment of women to work for him as prostitutes and taking all of the money they earned from commercial acts of sex. Evidence of Edward's business practices in the prior cases is permitted as it mirrors the facts in the instant matter. For all of the forgoing reasons, the Court finds the evidence admissible because it is relevant to establish Edwards' modus operandi, motive, and intent.

### E. Does the probative value of the evidence outweigh the danger of unfair prejudice?

Based upon Edwards' briefing to date, it appears his defense is whether the women acted voluntarily and whether Edwards had the requisite intent and knowledge to commit the charged offenses. The Court concludes the probative value of the proffered evidence to establish intent and motive is high. The Court will give a limiting instruction on the use of such evidence. This will minimize the risk and danger of any potential prejudice.

## IV. Motion in Limine #5

Edwards moves the Court to rule that FRE 412 does not apply to commercial sex trafficking cases so that he can cross-examine victims and witnesses about other commercial sex activity. (Doc. 164 at 17-18). Unfortunately for Edwards, the Court agrees with the numerous other courts that have found that the plain language of FRE 412, which applies to "alleged sexual misconduct" includes sex trafficking cases. *See e.g. United States v. Valenzuela*, 2008 WL 2824958, at *1 (C.D. Cal. July 21, 2008); *United States v. Shamsud-Din*, 2011 WL 5118840, at *2 (N.D. Ill. Oct. 27, 2011); *United States v. Elbert*, 561 F.3d 771, 776 (8th Cir. 2009). This Court finds United States District Judge Margaret Morrow's explanation in *Valenzuela* as to why sex trafficking is contemplated in FRE 412 particularly convincing.

There, Judge Morrow pointed out that under the 1994 amendments to FRE 412, the rule substituted the more expansive phrase "involving alleged sexual misconduct" for the narrower "rape or [ ] assault with intent to commit rape." *Id.* at * 5, n. 3 (internal citations omitted). She further noted that the comment to the 1994 amendments stated that "involving sexual misconduct" means that the rule applies "in all cases in which there is evidence that someone was the victim of sexual misconduct, without regard to whether the alleged victim or person accused is a party to the litigation." *Id.* (quoting FED.R.EVID. 412, Advisory Committee Note, 1994 Amendments). Obviously, sex trafficking and forced prostitution constitute sexual misconduct. Even if they did not, the government alleges that Edwards used rape and other forms of sexual abuse to threaten the victims. It thus "involves" the most traditional form of sexual misconduct, and FRE 412 clearly applies.

To be admissible, therefore, evidence of prior sexual history must be offered pursuant to FRE 412(c) and must fall within one of the three exceptions outlined in Rule 412(b). Edwards has not made this showing.

## V. Motion in Limine #6

The Court previously ruled on this motion. (*See* Doc. 139). That ruling stands.

DATED this 19th day of September, 2017.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Judge