IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
DEC 28 2017
Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. TERRANCE TYRELL EDWARDS, Defendant. | CR 16-103-BLG-SPW-1 ORDER |

Before the Court is a letter filed pro se by Defendant Terrance Edwards titled "Suppression and Evidentiary Hearings Motion." Edwards is currently represented by Palmer Hoovestal. Through the pro se filing, Edwards engages in hybrid representation.

A criminal defendant does not have an absolute right to both self-representation and the assistance of counsel. *See United States v. Klee*, 494 F.2d 394, 396-97 (9th Cir. 1974). Courts have generally held these two rights are mutually exclusive. *See United States v. Mosely*, 810 F.2d 93, 97 (6th Cir. 1987) ("The right to defend *pro se* and the right to counsel have been aptly described as 'two faces of the same coin,' in that waiver of one right constitutes a correlative assertion of the other."). A district court has no obligation to entertain pro se motions filed by a represented party. *Abdullah v. United States*, 240 F.3d 683, 686

1

(8th Cir. 2001). Instead, whether to allow hybrid representation remains within the sound discretion of the trial judge. *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978).

An attorney is presumed competent whether appointed or retained. *Cuyler v. Sullivan*, 446 U.S. 335, 344, (1980). Pretrial motions are within the exclusive province of trial counsel. *See Jones v. Barnes*, 463 U.S. 745, 751–53 (1983) (acknowledging the superior ability of trained counsel in the "examination into the record, research of the law, and marshalling of arguments on [defendant's] behalf"). According to the ABA Model Rules of Professional Conduct,"[i]n a criminal case, the lawyer shall abide by the client's decision, ... as to a plea to be entered, whether to waive jury trial and whether the client will testify." Rule 1.2(a) (emphasis added). However, "[w]ith the exception of these specified fundamental decisions, an attorney's duty is to take professional responsibility for the conduct of the case, after consulting with his client." *Jones*, 463 U.S. at 753 n. 6.

The Court declines to consider Edwards' pro se motion because he is represented by counsel.

DATED this 27th day of December, 2017.

SUSAN P. WATTERS
United States District Judge

2